

**ORDERED in the Southern District of Florida on September 19, 2008.**

_____
Paul G. Hyman, Chief Judge
United States Bankruptcy Court
_____

```
              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA
                  WEST PALM BEACH DIVISION

In re:                              CASE NO. 07-17581-PGH
                                    Chapter 11
5th Avenue Real Estate
Development, Inc.,

     Debtor.
_____/

5th Avenue Real Estate              ADV NO. 08-01127-PGH
Development, Inc.,

     Plaintiff,
v.

Countrywide Home Loans, Inc.,
et.al.,

     Defendants.
_____/
```

## MEMORANDUM OPINION

**THIS MATTER** came before the Court for trial on September 10, 2008, upon 5th Avenue Real Estate Development, Inc.'s (the

"Debtor") *Amended Complaint to Declare Judicial Sale of Property of the Estate Void, for Damages for Violation of the Automatic Stay, and for Damages for Negligence* (the "Amended Complaint"). The Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On April 10, 2008, the Debtor filed the instant adversary proceeding. The Amended Complaint alleges that: I) on October 1, 2007, while the automatic stay was in effect, Countrywide Home Loans, Inc. ("Countrywide") instituted a foreclosure sale of Lot 95, Symphony Bay, property also known as 9461 Baritone Court, Boca Raton, Florida 33496 (the "Property"); ii) Elias Rizk ("Mr. Rizk") was the successful bidder at the foreclosure sale; iii) on October 18, 2007, Countrywide and its counsel, David J. Stern, obtained a writ of possession in favor of Mr. Rizk; iv) on October 22, 2007, after being notified of the Chapter 11 proceeding, Ric L. Bradshaw, Sheriff for Palm Beach County, Florida, granted Mr. Rizk possession of the Property; and v) on February 6, 2008, the Debtor sent a Notice of Lis Pendens to the Office of the Clerk of the Palm Beach County Circuit Court, which was filed on February 20, 2008. On June 10, 2008, the Court granted Mr. Rizk and Ric L. Bradshaw's Motion to Dismiss Amended Complaint. On August 26, 2008, the Court granted Joel Bienvenu

and Mariana O'Brien's Motion to Dismiss Amended Complaint. The remaining claims against Countrywide and David J. Stern (collectively, the "Defendants") proceeded to trial.

On August 1, 2007, Robert A. Dumas ("Mr. Dumas") executed and delivered to the Debtor a quitclaim deed of fifty percent of the fee interest in the Property. The President of the Debtor, Willis Hale ("Mr. Hale"), testified that the Debtor did not record the quitclaim deed. In August 2007, Countrywide filed an *Ex Parte Motion to Reset Foreclosure Sale Subsequent to Serial Bankruptcy Filing* in the Palm Beach County Circuit Court and served the motion upon Mr. Dumas and his attorney. The motion was granted in September 2007. The foreclosure sale of the Property was set for the morning of October 1, 2007.

A certified paralegal who provides services to the Debtor, Melvin Smith, testified that he arrived at the Office of the Clerk of the Palm Beach County Circuit Court minutes prior to the foreclosure sale and presented the Clerk a copy of the Debtor's Chapter 11 petition and quitclaim deed. However, the Office of the Clerk did not accept the copy of the Debtor's Chapter 11 petition and the Property was sold for $212,000 to Mr. Rizk at the foreclosure sale. Mr. Rizk subsequently resold the property for $310,000 to Joel Bienvenu and Mariana O'Brien. At no time prior to the foreclosure sale did the Debtor file any pleading with the Palm Beach County Circuit Court to provide notice of the

3

Debtor's interest in the Property.

On September 14, 2007, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  However, the Defendants were not listed in the Debtor's initial bankruptcy petition.  Also, the Defendants were not served with the Debtor's bankruptcy filing.  Although Mr. Hale testified that he directed Debtor's counsel to notify Countrywide of its bankruptcy filing, the Debtor failed to present evidence that the Defendants received actual notice of the Debtor's bankruptcy filing prior to the foreclosure sale of the Property.

## **CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

At trial, the Debtor asserted that the Defendants proceeded with the foreclosure action in violation of the automatic stay and sought § 362(k)(1) damages in the amount of $49,000 against the Defendants.  For the reasons stated herein, the Court concludes that while the automatic stay was technically violated upon sale of the Property, the Defendants are not liable for damages under § 362(k)(1).

**A. 11 U.S.C. 362(k)(1)**

Section 362(k)(1) provides:

> Except as provided in paragraph (2), an *individual* injured by any *willful* violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1)(emphasis added).

While the Bankruptcy Code does not define the term "individual," 11 U.S.C. § 101; *In re Jove Engineering*, 92 F.3d 1539, 1550-51 (11th Cir. 1996), the Eleventh Circuit Court of Appeals has interpreted "individual" to encompass only natural persons and not corporations or other artificial entities. *In re Jove Engineering*, 92 F.3d at 1550-53; *In re Walker*, 356 B.R. 877, 896 (Bankr. S.D. Fla. 2006). Although neither party addressed the applicability of § 362(k)(1) to the Debtor in this case, the Court concludes that the Debtor, as an incorporated entity, is ineligible for stay violation damages pursuant to § 362(k)(1).

In addition, the Eleventh Circuit Court of Appeals has determined that a willful violation of the automatic stay occurs when the creditor knew the automatic stay was invoked and intended the actions which violated the stay. *In re Jove Engineering, Inc. v. IRS*, 92 F.3d at 1555-57; *In re Iwan*, 2008 WL 321507, *3 (Bankr. M.D. Fla. 2008); *In re Nosler*, 2007 WL 4322315, *1 (Bankr. M.D. Fla. 2007). "'Willfulness generally

connotes intentional action taken with at least callous indifference for the consequences.'" *In re Parker*, 2007 WL 1889958, *2 (Bankr. M.D. Ala. 2007)(*quoting Sizzler Family Steak Houses v. Western Sizzlin Steak House*, 793 F.2d 1529, 1535 (11th Cir. 1986); *Jove Engineering, Inc.*, 92 F.3d at 1555).

The Debtor maintains that it directed its counsel to notify Countrywide of its bankruptcy filing. The Defendants, however, indicated that they had no knowledge of the Debtor's bankruptcy prior to the foreclosure sale. The party seeking damages under § 362(k)(1) "bears the burden of establishing, by a preponderance of the evidence, that [the defendant] knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required." *In re Baldwin*, 2007 WL 4414870, *4 (Bankr. S.D. Fla.)(*citing In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007)). In this matter, the Debtor failed to sustain its burden to show that the Defendants knew of the Debtor's bankruptcy petition prior to the foreclosure sale. The Debtor also failed to show that the Defendants intended their actions to violate the stay.

Therefore, the Court finds the Debtor failed to establish that the Defendants committed a willful violation of the stay. Consequently, even if § 362(k)(1) applied to the Debtor, it is not entitled to damages.

**B. 11 U.S.C. 342(g)(2)**

Section 342(g) states:

> (g)(1) Notice provided to a creditor by the debtor or the court other than in accordance with this section (excluding this subsection) shall not be effective notice until such notice is brought to the attention of such creditor. . . .
>
> (2) A monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a)(including a monetary penalty imposed under section 362(k)) or for failure to comply with section 542 or 543 unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief.

11 U.S.C. 342(g).

"[Section] 342(g) applies when notice has not been effected by a debtor serving a creditor with a Code-required notice at an address provided by the creditor in prebankruptcy communications." *In re Harvey*, 388 B.R. 440, 446 (Bankr. D. Me. 2008)(*citing* 11 U.S.C. §342(c)(2)).  "BAPCPA added § 342(g)(2) providing that a monetary penalty may only be imposed for violating the stay if the conduct occurred after the creditor received actual notice of the bankruptcy." *In re Meadows*, 379 B.R. 737, 745 (Bankr. S.D. Ohio 2008).

Neither party addressed whether the § 342(g)(2) limitation on monetary penalties applies in this matter.  The Debtor does not assert that it served Countrywide with its bankruptcy filing.

7

Mr. Hale only testified that he directed the Debtor's counsel to notify Countrywide of its bankruptcy filing. The Defendants assert that they had no knowledge of the Debtor's bankruptcy until they were served with the complaint for this adversary action. The Court concludes that § 342(g) applies because the Debtor did not provide effective notice of its bankruptcy to Countrywide prior to the foreclosure sale. Consequently, even if the Court were to find the Debtor entitled to § 362(k)(1) damages, the Court would not impose monetary sanctions pursuant to § 342(g)(2) because of the Debtor's failure to provide the Defendants effective notice of its bankruptcy.

## CONCLUSION

For the reasons stated above, the Court finds that while there was a technical violation of the automatic stay, the Defendants are not liable to the Debtor for damages pursuant to § 362(k)(1).

## ORDER

The Court, having heard the testimony of witnesses, having considered the documentary evidence, the candor and demeanor of the witnesses, and having been otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES:**

    1)    Judgment is entered in favor of the Defendants and the

       Debtor shall not recover from the Defendants.

2)    The Court reserves jurisdiction to award costs.

3)    Pursuant to Federal Rule of Bankruptcy Procedure 9021, a separate Final Judgment will be entered in the above-referenced adversary proceeding contemporaneously herewith.

###

Copies furnished to:

Frederic J. DiSpigna, Esq.

Leslie Reizes, Esq.

Attorney DiSpigna is directed to mail a conformed copy of this judgment to all interested parties not listed above and to file a certificate of service with the Court.